UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Allen Woodson, | ) | CASE NO. 4:15 CV 2679 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Corrections Corporation of America, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

**Introduction**

*Pro se* plaintiff Allen Woodson, a federal prisoner, has filed this *in forma pauperis* civil action against Corrections Corporation of America, a private corporation that operates a facility housing federal detainees in Youngstown, Ohio, the United States Marshals Office, and St. Elizabeth Medical Center. For the reasons stated below, the action is dismissed.

**Background**

The plaintiff alleges that while he was housed in "C.C.A. Youngstown" in 2014 and 2015, he received inadequate medical care for a staff infection. He alleges he received medication for his condition and was sent to St. Elizabeth Medical Center, where he received surgery for painful bumps on his head. However, the painful bumps remained and he received no further treatment while housed

at the C.C.A. facility. He was transferred to FCI Gilmer in Glenville, West Virginia, where he is on a waiting list to be taken to an outside facility for his condition.

**Standard of Review**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. § 1915(e) to screen and dismiss before service any *in forma pauperis* action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**Analysis**

The plaintiff's complaint, even liberally construed, fails to allege any plausible claim on which he may be granted relief by this Court.

First, the plaintiff has failed to allege any plausible claim to the extent his complaint can be liberally construed as asserting federal constitutional claims against the defendants for inadequate medical care. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) recognized a limited cause of action against individual federal government officials alleged to have violated a citizen's constitutional rights. The Supreme Court has made clear, however, that *Bivens* actions cannot be asserted against entities, such as the United States or its agencies, the Bureau of Prisons, or private entities that operate federal prisons such as CCA. *See Correctional Services Corp. v.*

*Malesko*, 534 U.S. 61, 70 (2001). None of the defendants the plaintiff names in this case are proper defendants to a *Bivens* action; accordingly, the plaintiff has no plausible federal constitutional claim against them.

Second, to the extent the plaintiff's complaint could be liberally construed as alleging only state law negligence claims, he has failed to allege sufficient facts to establish this Court's subject matter jurisdiction. A federal district court may exercise subject matter jurisdiction over state law claims where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Diversity exists only when no plaintiff and no defendant are citizens of the same state. *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). A natural person is considered a citizen where he is domiciled, *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990), and a prisoner may be considered to domiciled in either the state in which he is incarcerated or in the state to which he intends to return after his sentence is served. *See Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973). A corporation is deemed to have the citizenship of its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). It is the plaintiff's burden to establish jurisdiction and to state the citizenship of all of the parties so the existence of diversity can be confirmed. *See McPartland v. Cumberworth*, No. 3:13 CV 1340, 2013 WL 5797842, at *2-3 (N.D. Ohio Oct. 28, 2013).

The plaintiff has not alleged or submitted a Civil Cover Sheet indicating any of the parties' citizenship; therefore, the plaintiff has failed to satisfy his burden of establishing diversity jurisdiction over any state law tort claim he may be seeking to assert.

3

**Conclusion**

Accordingly, the plaintiff's application to proceed *in forma pauperis* (Doc. Nos. 2, 4) is granted, but for the reasons stated above, this action is dismissed in accordance with 28 U.S.C. §1915(e). The dismissal as to state law claims is without prejudice.

Further, the plaintiff's motion for appointment of counsel (Doc. No. 3) is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: February 25, 2016         /s/ John R. Adams
                                JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE